WILLIAM H. CHISM, III, T-33931
Name and Prisoner/Booking Number
California Health Care Facility
Place of Confinement
P.O. Box 32290
Mailing Address
Stockton, CA 95213
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌─────────────────────────────┐
│           FILED             │
│        May 27, 2020         │
│  CLERK, U.S. DISTRICT COURT │
│ EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM H. CHISM, III
(Full Name of Plaintiff)           Plaintiff,

v.

(1) CHANG, CC-I
(Full Name of Defendant)
(2) De La ROSA, Sergeant
(3) CROSS, Correctional Officer
(4) DOMINGO, Correctional Officer
                    Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:20-cv-1072 DMC (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**
JURY TRIAL DEMANDED

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: California Health Care Facility _____.

Revised 3/15/2016                                    1

## B. DEFENDANTS

1. Name of first Defendant: <u>Chang</u>_____. The first Defendant is employed as: <u>a Correctional Counselor I</u>   at <u>California Health Care Facilty</u>.
   (Position and Title)            (Institution)

2. Name of second Defendant: <u>De La Rosa</u>_____. The second Defendant is employed as: <u>Correctional Sergeant</u>   at <u>California Health Care Facility</u>.
   (Position and Title)            (Institution)

3. Name of third Defendant: <u>Cross</u>_____. The third Defendant is employed as: <u>Correctional Officer</u>   at <u>California Health Care Facility</u>.
   (Position and Title)            (Institution)

4. Name of fourth Defendant: <u>Domingo</u>_____. The fourth Defendant is employed as: <u>Correctional Officer</u>   at <u>California Health Care Facility</u>.
   (Position and Title)            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☒ Yes      ☐ No

2. If yes, how many lawsuits have you filed? _2_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: <u>William H. Chism, III</u>   v. <u>J. Ward, et al.</u>
      2. Court and case number: <u>U.S. Eastern District, No. 1:08-cv-00103-DGC</u>.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) <u>Case settled.</u>
      _____

   b. Second prior lawsuit:
      1. Parties: <u>William H. Chism, III</u>   v. <u>Scott Kernan, et al.</u>
      2. Court and case number: <u>Monterey County Superior Court No. 17CV002337</u>.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) <u>Dismissed with prejudice (failure to prosecute).</u>

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

Case 2:20-cv-01072-DMC   Document 1   Filed 05/27/20   Page 3 of 10


## D.  CAUSE OF ACTION

### CLAIM I

1.   State the constitutional or other federal civil right that was violated: <u>**Defendants retaliated against**</u>
<u>**plaintiff for exercising his First Amendment right to petition the government.**</u>

2.   **Claim I.**  Identify the issue involved.  Check **only one.**  State additional issues in separate claims.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☒ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   **1.**    On February 27, 2019, plaintiff submitted a Health Care Services Request Form ("CDC-7362"), which he submitted to the Medical Department at California Health Care Facility ("CHCF"), in which plaintiff gave the following reason for his requesting health care services:

   I am having troble [sic] focusing.  My not getting enough sleep
   is getting worse.  I am shaking and I catch myself falling
   asleep [while] standing.  This is NOT good for my safety and
   the safety of my co-workers and staff because I use power tools,
   i.e., saws, drills, hammers, box cutter, etc.  Please give
   me a sleep aid O.T.C. (over-the-counter).

   **2.**    On February 28, 2019, as plaintiff was being interviewed by his Mental Health Care Providers at CHCF, Doctors Genotra [phoenetic] and Ang, plaintiff suddenly noticed that the CDC-7362 he submitted to Medical on February 27, 2019, not to Mental Health, regarding plaintiff's chronic insomnia, was on Dr. Genotra's computer screen.
   **(Supporting Facts for Claim I continued on page 3-A.)**

4.   Injury.  State how you were injured by the actions or inactions of the Defendant(s).
   <u>**In addition to the violation of plaintiff's rights under the First Amendment, which un-**</u>
   <u>**questionably constitutes irreparable injury, the actions of defendants Chang, Cross,**</u>
   <u>**Domingo and De La Rosa, imposed an atypical and significant hardship on plaintiff in**</u>
   **(Injury for Claim I continued on page 3-C.)**

5.   Administrative Remedies:
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c.   Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **Defendants Chang and De La Rosa violated plaintiff's First Amendment rights ("chilling effect").**

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care

☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation

☐ Excessive force by an officer     ☐ Threat to safety     ☒ Other: **Chill to exercise of right.**

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    **1.   Plaintiff realleges and incorporates by reference the facts contained in paragraphs 1 through 11 of Claim I, and herein contends that the actions of defendants Chang and De La Rosa described therein would "chill" or "silence" a person of ordinary firmness, including plaintiff, from future First Amendment activities involving the reporting of sexual assault under PREA.**

    **2.   Plaintiff additionally alleges that the conduct of defendants Chang and De La Rosa described in paragraph 1 of this Claim, did not advance any legitimate penological interests, including any legitimate goals of the correctional institution at which they took place – CHCF.**

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
**Plaintiff realleges and incorporates by reference the injuries described in Claim I of of this complaint, as though pled herein.**

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No

   b. Did you submit a request for administrative relief on Claim II?     ☒ Yes    ☐ No

   c. Did you appeal your request for relief on Claim II to the highest level?     ☒ Yes    ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

(Supporting Facts continued from page 3):

3.     When plaintiff asked Dr. Genotra why she was reviewing his CDC-7362
concerning his inability to sleep, Dr. Genotra (in the presence of Dr. Ang, and
Correctional Counselor I Chang (defendant Chang)), asked plaintiff to explain why
he was having such difficulty sleeping.  When plaintiff told Dr. Genotra that his
difficulty sleeping stemmed from a 2003 incident in which he was sexually assaulted
("raped") in prison, defendant Chang yelled out: "You're just now saying something
about it?"  Before plaintiff could respond to defendant Chang's comment, however,
defendant Chang abruptly ended plaintiff's mental health appointment, and told
plaintiff to sit in a nearby waiting-room (area) for the Sergeant.

4.     As plaintiff sat in the waiting area for the Sergeant to arrive,
Correctional Officers Cross and Domingo (defendants Cross and Domingo) appeared
approximately 15 to 20 minutes later, patted plaintiff down, placed him in mechanical
restraints, and escorted plaintiff to the "E" Facility Medical Clinic at CHCF, where
they locked plaintiff in a cage intended for "unruly" or "violent" inmates suspected
of having committed serious rules violations.  After being placed in the metal cage,
plaintiff was ordered to completely disrobe, and stand there naked while defendants
Cross and Domingo slowly checked each item of clothing for alleged contraband.  After
standing in the cage naked for about 10 minutes, as many medical staff, inmates and
officers walked by the cage, plaintiff was finally given back his clothing, and
allowed to dress.

5.     After sitting in the metal cage at the "E" Facility Clinic for
approximately one hour, without being allowed to use the restroom or drink any water,
plaintiff was finally seen by Sergeant De La Rosa (defendant De La Rosa).  When
plaintiff asked defendant De La Rosa why he was placed in restraints, escorted in
front of everyone to the clinic, strip-searched in full view of non-custody prison
officials, including females, defendant De La Rosa replied: "You want to claim you

Page **3-A**

were 'raped,' this is what you can expect." When plaintiff informed defendant De La Rosa that he was sexually assaulted about 16 years earlier, she replied: "What? Are you trying to change your story now?  It's my job to discourage that kind of nonsense.  Don't you have anything better to do?"  Before plaintiff could tell defendant De La Rosa that he was merely discussing the matter with his mental health clinician as part of his ongoing treatment for the aftermath of the rape, defendant De La Rosa walked away, saying: "If you don't leave this alone, I will report you to the Investigative Services Unit."[1]/

6.    Defendants Chang, Cross, Domingo and De La Rosa, and each of them, at all times relevant to this complaint, had formed the belief that plaintiff was actually reporting his rape for the first time, and these defendants acted on that very belief when they violated plaintiff's rights.  What was believed to be plaintiff's reporting of sexual misconduct under the Prison Rape Elimination Act of 2003 ("PREA"), although not forming the basis for a lawsuit in-and-of-itself, is still "protected conduct" under the First Amendment to the United States Constitution.

7.    Defendants Chang, Cross, Domingo and De La Rosa, and each of them, only took the adverse action against plaintiff alleged herein because they believed that plaintiff was asserting a PREA claim on February 28, 2019.

8.    The actions of defendants Chang, Cross, Domingo and De La Rosa, and each of them, were official acts that were "intended" to have a "chilling effect" on plaintiff's perceived conduct of reporting a "rape" in prison under PREA, and said

------------------------------

[1]/    The Investigative Services Unit or "ISU," as they are most often referred to, conduct investigations of serious rules violations and criminal activity within a prison.  The connotation of having a matter reported to the ISU by prison staff is that the subject of such a report, more often than not, will be sent to an Administrative Segregation unit (also known as the "hole") until such investigation is completed.  This can take months, while the target of the investigation is "unassigned," has their property placed in storage, and fails to earn custody credits.

actions of these defendants would chill or silence a person of ordinary firmness from future reporting of sexual assault under PREA, a First Amendment activity.

9.    The actions by defendants Chang, Cross, Domingo and De La Rosa, and each of them, whether alone or in concert with one-another, did not have a legitimate penological purpose or advance any legitimate goals of either the CDCR or the correctional institution (CHCF) itself.

10.    None of the actions taken by defendants Chang, Cross, Domingo or De La Rosa were necessary to the maintenance of order in the institution, and were carried out in an arbitrary and capricious manner not dictated by any law, rules, regulations or sense of good order.

11.    Defendant Cross's and Domingo's use of restraints on plaintiff was not directed by a licensed health care clinician, and was used solely as punishment for plaintiff's exercise of his First Amendment right to initiate a PREA claim, even though defendants, and each of them, only believed that plaintiff was making such a claim when they subjected plaintiff to restraints.

(Injury continued from page 3):

relation to the ordinary incidents of prison life.  Plaintiff suffered the following emotional injury as a result of the actions of defendants Chang, Cross, Domingo and De La Rosa, and each of them: (1) fear; (2) grievious mental anguish; (3) embarrassment; (4) shame; (5) heightened anxiety; and (6) intractable insomnia.[2/]

------------------------------

[2/]    The Prison Litigation Reform Act (PLRA) at 42 U.S.C. § 1997e(e), provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a _prior_ showing of physical injury." (Italics added.)  Plaintiff contends that when his PREA claim was actually made 16 years before the incident giving rise to this complaint, he was sexually assaulted, which constitutes "a 'prior' showing of physical injury" within the meaning of § 1997e(e).

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Claim III?     ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?     ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

**WHEREFORE, plaintiff requests that the Court grant the following:**

**A.  Issue a declaratory judgment that:**

    **1.    The actions of defendants Chang, Cross, Domingo and De La Rosa, while they believed that plaintiff was in the process of making a complaint for sexual assault under PREA, constituted "relatiation" for plaintiff's perceived exercise of his First Amendment right to petition the government for the redress of grievances;**

    **2.    The actions of defendants Chang and De La Rosa, while they believed that**

**(Request for Relief continued on page 6-A.)**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 20, 2020**

                DATE

*William H. Chinn III*

              SIGNATURE OF PLAINTIFF

_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____
_____
_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

(Injury continued from page 6):

plaintiff was in the process of making a complaint for sexual assault under PREA, amounted to a "chilling effect" of plaintiff's exercise of his First Amendment right to petition the government for the redress of grievances.

B. Award compensatory damages against:

      1.    Defendants Chang, Cross, Domingo and De La Rosa, for their "retaliation" against plaintiff, based on their belief that plaintiff was currently making a complaint of sexual assault, in an amount according to proof; and

      2.    Defendants Chang and De La Rosa, for their conduct against plaintiff, based on their belief that plaintiff was currently making a complaint of sexual assault, which was calculated to dissuade plaintiff from making that complaint, thereby having a "chilling effect" on his right to make said complaint, in an amount according to proof.

C. Award punitive damages in the following amounts:

      1.    Against defendants Chang, Cross, Domingo and De La Rosa for their individual involvements in the "retaliation" against plaintiff for bringing his complaint under PREA, in an amount according to proof; and

      2.    Against defendants Chang and De La Rosa for their conduct against this plaintiff which was intended to have a pronounced "chilling effect" on his right to petition the government for the redress of grievances, in an amount according to to proof;

D. Grant such other and further relief as it may appear that plaintiff is entitled.