**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM H. CHISM, III,<br><br>                Plaintiff,<br><br>        v.<br><br>CHANG, et al.,<br><br>                Defendants. | No. 2:20-CV-1072-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

8  Plaintiff, an inmate at California Health Care Facility (CHCF), names the

9  following defendants: (1) Chang, Correctional Counselor I; (2) De La Rosa, Correctional

10 Sergeant; (3) Cross, Correctional Officer; and (4) Domingo, Correctional Officer. See ECF No. 1,

11 pg. 2. Plaintiff alleges that on February 28, 2019, he disclosed to mental health care providers at

12 CHCF that his difficulty sleeping stemmed from an incident of prison sexual assault in 2003. See

13 id. at 3, 5. According to Plaintiff, Defendants Chang, De La Rosa, Cross, and Domingo believed

14 that Plaintiff was attempting to report a rape and sought to discourage such action. See id. at 6.

15 Plaintiff alleges that Chang promptly pulled him out of his mental health appointment and told

16 him to wait for De La Rosa. See id. at 5. Allegedly, while he was waiting, Cross and Domingo

17 ordered him to strip and wait in a cage while they searched his clothing. Id. When De La Rosa

18 arrived an hour later, he purportedly threatened Plaintiff with a segregation unit and told him:

19 "You want to claim you were 'raped,' this is what you can expect." Id. at 5-6.

20 Plaintiff claims that Defendants retaliated against him for exercising his First

21 Amendment right to petition the government. See id. at 3. Plaintiff claims that although he was

22 not reporting a rape when speaking with the health care providers, Defendants believed he was

23 and retaliated against him for this perceived conduct. See id. at 6. Plaintiff specifically alleges

24 that Chang's and De La Rosa's conduct had a chilling effect on his First Amendment rights. See

25 id. at 4. Plaintiff asserts that the adverse action by Defendants did not serve a legitimate

26 penological purpose. See id. at 7. Plaintiff claims to have suffered fear, grievous mental anguish,

27 embarrassment, shame, heightened anxiety, and intractable insomnia. See id. Plaintiff seeks

28 declaratory judgment as well as unspecified compensatory and punitive damages. See id. at 9-10.

## II. DISCUSSION

The Court finds that Plaintiff has made sufficient allegations to state cognizable claims against each of the Defendants for retaliation in violation of the First Amendment.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action

1  which is more than minimal satisfies this element.  Thus, if this reading of Rhodes is correct, the
2  chilling effect element is essentially subsumed by adverse action.
3          In this case, Plaintiff alleges that each Defendant took adverse action against him
4  because he was engaging in protected conduct. Plaintiff has alleged specific action by each
5  defendant that was taken to deter him from reporting a rape, a right protected by the First
6  Amendment. Plaintiff specifically alleges a chilling effect only against Chang and De La Rosa.
7  However, by alleging that each of the defendant's conduct contributed to the harm suffered,
8  Plaintiff sufficiently claims that each defendant's conduct has chilled his Constitutional rights.
9  Lastly, Plaintiff has alleged that the adverse action did not serve a legitimate penological purpose.
10 Plaintiff has sufficiently plead the elements of a First Amendment retaliation claim such that each
11 defendant is put on fair notice of the claim and ground upon which it rests.
12
13         **III.  CONCLUSION**
14         Accordingly, IT IS HEREBY ORDERED that:
15         1.    In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court
16 has screened and found service of the complaint appropriate.  If a defendant either waives service
17 or is personally served, the defendant is required to reply to the complaint.  See 42 U.S.C. §
18 1997e(g)(2).
19         2.    Service shall be initiated on the following Defendant(s):
20         Chang, Correctional Counselor I at California Health Care Facility, Stockton
21 during February 2019.
22         De La Rosa, Correctional Sergeant at California Health Care Facility, Stockton
23 during February 2019.
24         Cross, Correctional Officer at California Health Care Facility, Stockton during
25 February 2019.
26         Domingo, Correctional Officer at California Health Care Facility, Stockton during
27 February 2019.
28

   3. Service on the parties in this case shall proceed under the court's E-Service program for civil rights cases for the Eastern District of California.  The purpose of the program is to get the complaint served on defendants faster so that they respond to the complaint sooner. "E-Service" means that instead of having plaintiffs fill out service paperwork for the United States Marshal to mail to the defendants or through personal service, the Court will provide paperwork regarding the defendants electronically to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office, each of which has agreed to participate in this program.  If those entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service.  However, to the extent that any of these entities are unable to effectuate service of process, the Court may make further orders requiring the plaintiff to assist in providing additional information in order to effectuate service. Plaintiff need not attempt service on the defendants and need not request waiver of service.

   4. In accordance with the program, the Clerk of the Court is directed to serve this order via email on the CDCR along with a summons, the operative complaint, and copies of the form Consent to Proceed Before a United States Magistrate Judge.  No later than 40 days after service of this order, CDCR shall file with the Court the "CDCR Notice of E-Service Waiver" advising the Court which defendant(s) in this order will be waiving service of process without the need for personal service by the United States Marshal.  CDCR shall also notify the Court whether any defendant(s) decline to waive service or could not be reached.  The CDCR's Notice of E-Service Waiver shall also be served on the California Attorney General's Office and the United States Marshal.

   5. Within 30 days after the filing of CDCR's Notice of E-Service Waiver, the California Attorney General's Office shall file a waiver of service of process for any defendant who is waiving service of process consistent with Fed. R. Civ. P. 4(d)(1).  A defendant who timely waives service need not serve an answer to the complaint until 60 days after the waiver of service of process was sent—or until 90 days after it was filed to any defendant outside any judicial district of the United States.  For any defendant that the CDCR advises will be waiving service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the

1 request for waiver was sent.  If relief from this order is necessary, the Attorney General may seek

2 relief by way of special appearance.  Any special appearance shall not be construed as personal

3 appearance on behalf of any defendant, and does not waive service or any defects in service,

4 unless and until a waiver of service or responsive pleading is filed.

5       6. Upon filing the Notice of E-Service Waiver, the Clerk of Court shall

6 provide a copy to the United States Marshal of the operative complaint, the summons and this

7 Order for any defendant who has not waived service according to the CDCR Notice of E-Service

8 Waiver.  Upon receipt of those documents, the United States Marshal shall serve process of the

9 complaint, summons, and this Order upon each defendant who has not waived service pursuant to

10 Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).  The United States

11 Marshal may command all necessary assistance from the Office of Legal Affairs for CDCR, and

12 may seek the assistance of a Special Investigator if the Litigation Officer at the institution is

13 unable to assist in identifying and/or locating defendants.  If any confidential information is

14 provided by a third party to effectuate service, including CDCR, the United States Marshal shall

15 maintain the confidentiality of all information provided to them.

16       7. Within 10 days after personal service is effected, the United States Marshal

17 shall file the return of service, along with evidence of any attempts to secure a waiver of service

18 of process and of the costs subsequently incurred in effecting service.  These costs shall be

19 enumerated on the USM-285 form and shall include the costs incurred by the United States

20 Marshal for photocopying additional copies of the summons and complaint and for preparing new

21 USM-285 forms, if required.  Costs of service will be taxed against each personally served

22 defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).  The United States

23 Marshal shall file the returned waivers of service, or the requests for waiver of service if returned

24 as undelivered, once received.

25 / / /

26 / / /

27 / / /

28 / / /

8. If a defendant subsequently waives service, the defendant is required to return the signed waivers to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waivers may subject the defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

Dated: June 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE